NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATARINA MONTEJO SANTIAGO; et al., | No. 19-72234 |
| Petitioners, | Agency Nos. A208-306-953 |
| v. | A208-306-954 |
| | A208-306-955 |
| MERRICK B. GARLAND, Attorney General, | A208-306-956 |
| | A208-306-957 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Catarina Montejo Santiago ("Montejo"), a citizen of Guatemala, seeks review

of a Board of Immigration Appeals (BIA) decision dismissing her appeal of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Immigration Judge (IJ) order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Montejo's four minor children are also petitioners here. They are derivative applicants on Montejo's asylum application and filed applications for withholding of removal based on Montejo's testimony. For the sake of simplicity, we refer to Montejo in resolving all petitioners' claims. We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quotation omitted). We have jurisdiction under 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1.      Montejo argues for the first time on appeal that the immigration court lacked jurisdiction over her proceedings because the Notice to Appear (NTA) did not contain a certificate of service indicating the court in which the NTA was filed. We lack jurisdiction over this claim because Montejo failed to exhaust this issue before the BIA. *See Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011) (holding that an alien must have "exhausted all administrative remedies available to the alien as of right" for this court to have jurisdiction) (quoting 8 U.S.C. § 1252(d)(1)).

2.      Substantial evidence supports the BIA's determination that Montejo's asylum and withholding claims failed because she did not establish a nexus between her proposed family social group and her claimed harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017); *Duran-Rodriguez v. Barr*, 918 F.3d 1025,

1028 (9th Cir. 2019). Montejo testified that cartel members demanded money from her, her husband, and her parents because the criminals thought they had money, not because of her family relationships. The record does not compel the conclusion that Montejo has shown past persecution or a likelihood of future persecution "on account of" or "because of" her membership in her claimed family social group. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground.").[1]

3.    Substantial evidence supports the BIA's conclusion that Montejo's CAT claim failed because her past harm does not rise to the level of torture and she had not shown that it was more likely than not that Guatemalan officials would torture Montejo or acquiesce in her torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–34 (9th Cir. 2014); 8 C.F.R. § 1208.16(c)(2). In addition, "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836

---

[1] Because her brief argues only that she was harmed because of her family membership, Montejo waived the argument she made to the IJ and BIA that she was harmed based on her membership in a proposed social group comprising "Guatemalan Kanjobal females with children who could not get protection from the Guatemalan government who is unable or unwilling to protect them." *See Diego v. Sessions*, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (holding that an issue not "specifically and distinctly argued and raised" in an opening brief is waived (quotation omitted)).

(9th Cir. 2016).

4.     Montejo waived her due process claim that the IJ did not act as a neutral factfinder by only mentioning the claim in her statement of issues and not arguing it in the body of her opening brief.  *See Diego*, 857 F.3d at 1015 n.4.

**PETITION DISMISSED IN PART AND DENIED IN PART.**